UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------x
NATHANIEL FELBER, et al.               :

                                                  :     **Civil Action No. 19-cv-1027 (ABJ)**

                        Plaintiffs,     :

      -against-                          :

ISLAMIC REPUBLIC OF IRAN,     :

                        Defendant.    :
-------------------------------------------------------x

## PLAINTIFFS' RESPONSE TO THE COURT'S
## APRIL 21, 2020 ORDER TO SHOW CAUSE

Plaintiffs, through undersigned counsel, respectfully write in response to the Court's April 21, 2020 Order to Show Cause, ECF No. 20, which ordered Plaintiffs to show cause in writing on or before May 8, 2020 why this case should not be dismissed for want of prosecution. As Plaintiffs explain below, Plaintiffs have been expeditiously collecting evidence and propose making a complete evidentiary submission on Defendant Islamic Republic of Iran's ("Iran") liability for Plaintiffs' injuries and Plaintiffs' damages by August 3, 2020.

1. The Complaint was served on Iran via State Department channels on September 23, 2019, pursuant to 28 U.S.C. § 1608(a)(4) (following unexecuted service via postal channels pursuant to 28 U.S.C. § 1608(a)(3)), ECF No. 17. Defendant had until November 22, 2019 to file a responsive pleading, *id.*, but it has not appeared, answered or otherwise defended this action as required by the Federal Rules of Civil Procedure.

2. On January 14, 2020, Plaintiffs filed an affidavit for entry for default, ECF No. 18, and on January 24, 2020, the Clerk entered default as to Defendant pursuant to Rule 55(a), ECF No. 19.

3. Plaintiffs now move for judgment by default pursuant to Rule 55(b)(2) and 28 U.S.C. § 1608(e).

4. In relevant part, 28 U.S.C. § 1608(e) of the Foreign Sovereign Immunities Act ("FSIA") provides: "No judgment by default shall be entered by a court of the United States ... against a foreign state ... unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

5. Plaintiffs respectfully request the opportunity to establish their claims through the presentation of written evidence satisfactory to the Court. As cases against Iran have become more common in this District, judges of this Court have frequently proceeded in whole, or in part, by way of sworn testimony and affidavits in these uncontested proceedings, rather than by an evidentiary hearing. *See, e.g., Gill v. Islamic Republic of Iran*, 249 F. Supp. 3d 88, 93 (D.D.C. 2017) (Walton, J.) ("This evidence may be presented through sworn affidavits or declarations."); *Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57, 65 (D.D.C. 2015) (Huvelle, J.) ("an evidentiary hearing is not required; a 'plaintiff may establish proof by affidavit.'") (quoting *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 212 (D.D.C. 2012) (Urbina, J.)); *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) (Friedman, J.) ("In default judgment cases, plaintiffs may present such evidence in the form of affidavits or declarations rather than through live witnesses testifying in open court."); *Weinstein v. Islamic Republic of Iran*, 175 F. Supp. 2d 13, 21 (D.D.C. 2001) (Lamberth, J.) (approving use of affidavits to establish claims). Presenting written evidence is especially appropriate here, where the Plaintiffs are residents of Israel.

6. The Islamic Resistance Movement ("HAMAS"), a designated Foreign Terrorist Organization, was responsible for the December 13, 2018 attack (the "Attack") which gravely injured Nathaniel Felber. This Court has repeatedly found that Iran is responsible for terrorist acts

HAMAS perpetrated in Israel, such as in *Bodoff v. Islamic Republic of Iran*, 907 F. Supp. 2d 93 (D.D.C. 2012); *Estate of Botvin v. Islamic Republic of Iran*, 873 F. Supp. 2d 232 (D.D.C. 2012); *Stern v. Islamic Republic of Iran*, 271 F. Supp. 2d 286 (D.D.C. 2003); *Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13 (D.D.C. 2002); and *Eisenfeld v. Islamic Republic of Iran*, 172 F. Supp. 2d 1 (D.D.C. 2001).

7. Plaintiffs propose submitting sworn declarations from two experts regarding Defendant's liability:

   a. Patrick Clawson, Ph.D., an internationally recognized expert on Iran and its support for terrorist groups and acts of terrorism throughout the Middle East, including Iran's support for HAMAS. Dr. Clawson, a Fellow and Director of Research at the Washington Institute for Near East Policy, has been qualified as an expert on Iran's support for terrorism in more than two dozen FSIA cases. Dr. Clawson would opine that Iran provided material support to HAMAS during the relevant time period; and

   b. Arieh Dan Spitzen, an internationally recognized terrorism expert. Mr. Spitzen, former Department Head for Palestinian Issues in the Administered Territories in the Israeli Ministry of Defense's Coordinator of Government Activities in the Territories ("COGAT"), has been qualified as an expert on HAMAS terrorism in multiple cases brought under the Anti-Terrorism Act (18 U.S.C. § 2333) as well as several FSIA cases. Mr. Spitzen would opine that HAMAS was responsible for the Attack.

8. Plaintiffs have been collecting Nathaniel Felber's voluminous medical records from Israel since the inception of this case. However, due to the seriousness of Nathaniel Felber's medical condition (he sustained brain damage and was rendered comatose as a result of the Attack) and ongoing treatment and surgeries, the collection process is ongoing.

9. Due to the COVID-19 pandemic, Plaintiffs' counsel's ability to continue collecting Nathaniel Felber's records has been hampered.[1]

---

[1] The State of Israel has been effectively "locked down" since early April due to the COVID-19 pandemic. However, there are some indications that a gradual reopening may occur over the next few weeks.

10. However, counsel have already obtained substantial portions of the Israeli court records, which provide admissible evidence of HAMAS's responsibility for the Attack and are in the process of having the most relevant documents translated into English.[2]

11. Accordingly, to the extent that the Court grants Plaintiffs' request to establish their claims through the presentation of written evidence, Plaintiffs respectfully propose to submit sworn expert declarations by Dr. Clawson and Mr. Spitzen, Plaintiffs' own sworn declarations in support of their claims against Iran, and proposed findings of fact and conclusions of law.

12. Plaintiffs further propose providing the Court with a further status report on June 15, 2020 with a target date of August 3, 2020 to complete their submission (barring any unforeseen difficulties posed by the COVID-19 pandemic).

13. Should the Court have any questions or prefer that Plaintiffs' counsel proceed in a different manner, Plaintiffs respectfully request that the Court schedule a telephonic conference to provide counsel with additional guidance.

Dated: May 4, 2020

                                                  **OSEN LLC**

By:    /s/ Aaron Schlanger
        Aaron Schlanger (DC Bar No. NJ007)
        2 University Plaza, Suite 402
        Hackensack, New Jersey, 07601
        Tel.: (201) 265-6400
        Fax: (201) 265-0303

*Attorneys for Plaintiffs*

---

[2] The sentencing of the primary assailant has not yet occurred, and certain police and court files will not be released by the Israeli authorities until sentencing has been completed.