UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------x
NATHANIEL FELBER, et al.       :
                               :    **Civil Action No. 19-cv-1027 (ABJ)**
               Plaintiffs,     :
                               :
        -against-             :
                               :
ISLAMIC REPUBLIC OF IRAN,      :
                               :
               Defendant.      :
------------------------------------------------------x

## MOTION FOR JUDGMENT BY DEFAULT

Plaintiffs, through undersigned counsel, respectfully move pursuant to Rule 55(b) for judgment by default. In support thereof, the following is submitted:

1. The Complaint was served on Iran via State Department channels on September 23, 2019, pursuant to 28 U.S.C. § 1608(a)(4) (following unexecuted service via postal channels pursuant to 28 U.S.C. § 1608(a)(3)), ECF No. 17. Defendant had until November 22, 2019, to file a responsive pleading, *id.*, but it has not appeared, answered, or otherwise defended this action as required by the Federal Rules of Civil Procedure.

2. On January 14, 2020, Plaintiffs filed an affidavit for entry for default, ECF No. 18, and on January 24, 2020, the Clerk entered default as to Defendant pursuant to Rule 55(a), ECF No. 19.

3. Plaintiffs now move for judgment by default pursuant to Rule 55(b)(2) and 28 U.S.C. § 1608(e).

4. In relevant part, 28 U.S.C. § 1608(e) of the Foreign Sovereign Immunities Act ("FSIA") provides: "No judgment by default shall be entered by a court of the United States ... against a foreign state ... unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

5.      Plaintiffs have presented their case through written evidence, which is regularly accepted in default cases brought under 28 U.S.C. § 1605A. As cases against Iran have become more common in this District, judges of this Court have frequently proceeded in whole, or in part, by way of sworn testimony and affidavits in these uncontested proceedings, rather than by an evidentiary hearing. *See, e.g., Gill v. Islamic Republic of Iran*, 249 F. Supp. 3d 88, 93 (D.D.C. 2017) ("This evidence may be presented through sworn affidavits or declarations."); *Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57, 65 (D.D.C. 2015) ("an evidentiary hearing is not required; a 'plaintiff may establish proof by affidavit.'") (quoting *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 212 (D.D.C. 2012)); *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) ("In default judgment cases, plaintiffs may present such evidence in the form of affidavits or declarations rather than through live witnesses testifying in open court."); *Weinstein v. Islamic Republic of Iran*, 175 F. Supp. 2d 13, 21 (D.D.C. 2001) (approving use of affidavits to establish claims). Relying on written evidence is especially appropriate here, where the Plaintiffs are residents of Israel.

      A.      **Evidence in Support of Defendant's Liability and Plaintiffs' Claims**

6.      The Islamic Resistance Movement ("HAMAS"), a designated Foreign Terrorist Organization, was responsible for the December 13, 2018, attack (the "Attack") which gravely injured Nathaniel Felber. This Court has repeatedly found that Iran is responsible for terrorist acts HAMAS perpetrated in Israel, such as in *Schwartz v. Islamic Republic of Iran*, No. 18-cv-1349, 2020 WL 7042842 (D.D.C. Nov. 30, 2020); *Gill*, 249 F. Supp. 3d 88; *Bodoff v. Islamic Republic of Iran*, 907 F. Supp. 2d 93 (D.D.C. 2012); *Estate of Botvin v. Islamic Republic of Iran*, 873 F. Supp. 2d 232 (D.D.C. 2012); *Stern v. Islamic Republic of Iran*, 271 F. Supp. 2d 286 (D.D.C. 2003); *Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13 (D.D.C. 2002); and *Eisenfeld v. Islamic Republic of Iran*, 172 F. Supp. 2d 1 (D.D.C. 2001).

7. Plaintiffs submitted a Partial Proposed Findings of Fact and Conclusions of Law in Support of Their Motion for Default Judgment ("First PFFCL") in which they set forth Defendant's liability and the emotional injuries sustained by Plaintiffs Judi Felber, Joseph Felber, Daniel Felber, and Adina Felber ("Family Member Plaintiffs"). *See* ECF Nos. 29 (filed under seal), and 30 (redacted).

8. In support of their showing of Defendants' liability, Plaintiffs submitted sworn expert declarations from:

   a. Patrick Clawson, Ph.D., an internationally recognized expert on Iran and its support for terrorist groups and acts of terrorism throughout the Middle East, including Iran's support for HAMAS. Dr. Clawson, a Fellow and Director of Research at the Washington Institute for Near East Policy, has been qualified as an expert on Iran's support for terrorism in more than two dozen FSIA cases. Dr. Clawson has opined that Iran provided material support to HAMAS during the relevant time period, ECF No. 27; and

   b. Arieh Dan Spitzen, an internationally recognized terrorism expert. Mr. Spitzen, former Department Head for Palestinian Issues in the Administered Territories in the Israeli Ministry of Defense's Coordinator of Government Activities in the Territories ("COGAT"), has been qualified as an expert on HAMAS terrorism in multiple cases brought under the Anti-Terrorism Act (18 U.S.C. § 2333) as well as several FSIA cases. Mr. Spitzen has opined that HAMAS was responsible for the Attack, ECF No. 28.

9. To establish their emotional injuries, the Family Member Plaintiffs submitted sworn declarations setting out their experiences during the aftermath, and the resulting emotional consequences, of the Attack, ECF Nos. 26-2 through 26-5 (filed under seal), and a sworn expert declaration from, and reports on each of the Family Member Plaintiffs by, Dr. Rael Strous, providing his expert opinion on the emotional injuries they sustained, ECF Nos. 26-6 through 26-11 (filed under seal).

10. Plaintiffs subsequently submitted a Partial Proposed Findings of Fact and Conclusions of Law Regarding Nathaniel Felber's Damages in Further Support of Their Motion for Default Judgment ("Second PFFCL"), ECF No. 31.

11. To establish Plaintiff Nathaniel Felber's physical injuries and the treatment and care he has received, Plaintiffs submitted sworn declarations from:

   a. Eli Reichenthal, M.D., an expert in neurological surgery, providing his expert opinion on the nature and scope of Plaintiff Nathaniel Felber's physical injuries, ECF No. 31-1;

   b. Harold Weingarden, M.D., a consultant to the Head Trauma Rehabilitation Department at Chaim Sheba Medical Center at Tel HaShomer, Ramat Gan, Israel ("Sheba Medical Center"), where Plaintiff Nathaniel Felber was transferred to on February 27, 2019, ECF No. 31-2;

   c. Adi Gidali, DPT, PT, the Physical Therapy Supervisor of the Complex Traumatic Brain Injury Outpatient Department at Sheba Medical Center, ECF No. 31-3; and

   d. Plaintiff Judi Felber, describing Plaintiff Nathaniel Felber's recent COVID-19 diagnosis, ECF No. 31-4.

12. Plaintiffs' proposed compensatory damages are set out in the First PFFCL at ¶ 213 and the Second PFFCL at ¶ 99, and in **Exhibit A** hereto.

   **B.    Authority in Support of Plaintiffs' Request for Prejudgment Interest and Punitive Damages**

13. In their First PFFCL, Plaintiffs submitted authority in support of their requests for awards of prejudgment interest and punitive damages.

14. Plaintiffs cited this Court's decision in *Mwila v. Islamic Republic of Iran*, 33 F. Supp. 3d 36, 46 (D.D.C. 2014), concluding that "[p]rejudgment interest is appropriate on the whole award, including pain and suffering and solatium" (but not economic damages, which are not claimed here), ECF No. 30, ¶ 216. *See also Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236, 250-51 (D.D.C. 2020) (reviewing case law for and against awarding prejudgment interest in 28 U.S.C. § 1605A cases and determining it appropriate to award). This Court in *Mwila* calculated prejudgment interest using the annual average prime rate, as published on the Federal Reserve website, as other courts in this District have also done. *See Mwila*, 33 F. Supp. 3d at 46-47; *Ewan*,

466 F. Supp. 3d at 250-51. Where there was no published annual prime rate yet, both courts estimated the rate by calculating the average over the past six years. *See Mwila*, 33 F. Supp. 3d at 47 n.8; *Ewan*, 466 F. Supp. 3d at 250 n.3.

15. In **Exhibit A** and the Proposed Order, Plaintiffs calculated prejudgment interest as of October 19, 2021, using the daily prime rate published on the Federal Reserve website (https://fred.stlouisfed.org/series/DPRIME) since the December 13, 2018 attack. To calculate the rate for any given day, the formula is (amount of compensatory damages) multiplied by (daily interest rate) and divided by 365. For instance, the prejudgment interest accrued on the day of October 19, 2021, for Nathaniel Felber as proposed here would be ($30,000,000) * (0.0325) / 365, which equals $2,761.23.[1]

16. In support of their request for punitive damages, Plaintiffs cited *Gill v. Islamic Republic of Iran*, 249 F. Supp. 3d 88 (D.D.C. 2017), in which this Court utilized a multiplicand in the amount of the compensatory damages awarded in that case and a multiplier of three, given that no one died in that attack, but noting more extreme cases warranted multipliers up to five. *See* ECF No. 30, ¶ 225 (citing *Gill*, 249 F. Supp. 3d at 105-06). Plaintiffs here requested that this Court use a multiplier of five, reasoning that "[a]s in *Gill*, the attack here involved a terrorist indiscriminately firing an automatic weapon at people. However, here multiple deaths occurred, and Plaintiff Nathaniel Felber was grievously injured (far more than Mr. Gill)." *Id.*, ¶ 226. Plaintiffs' calculation of punitive damages as of October 19, 2021, is also included in **Exhibit A**.

---

[1] Plaintiffs proffer prejudgment interest and punitive damages calculations as of October 19, 2021, and would not request recalculation of those computations unless the Court's consideration of the motion extends into the next calendar year, in which case the Court could recalculate prejudgment interest and punitive damages using the rates for the entirety of the 2021 calendar year.

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that the Court enter judgment by default based on the presentation of verified documentary evidence previously submitted, and award prejudgment interest and punitive damages using the methods proposed by Plaintiffs in their PFFCLs and **Exhibit A** hereto.

Dated: October 19, 2021

                                                      **OSEN LLC**

                            By:   /s/ Aaron Schlanger
                                    Aaron Schlanger (DC Bar No. NJ007)
                                    Dina Gielchinsky (DC Bar No. NJ011)
                                    190 Moore Street, Suite 272
                                    Hackensack, New Jersey 07601
                                    Tel.: (201) 265-6400
                                    Fax: (201) 265-0303

                                    *Attorneys for Plaintiffs*